UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEHMET AKIN,

                Plaintiff,

    -against-

ANJON OF GREENLAWN, INC., ANTON
PARISI, and JOHN PARISI,

                Defendants.
------------------------------------------------------------X
APPEARANCES:

MEMORANDUM AND ORDER

CV 12-4286

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUL 17 2014    ★

LONG ISLAND OFFICE

Law Offices of Neil H. Greenberg & Associates, P.C.
By: Justin M. Reilly, Esq.
     900 Merchants Concourse, Suite 314
Westbury, NY 11590
Attorneys for Plaintiff

Law Office of Steven Cohn, P.C.
By: Richard C. Goldberg, Esq.
One Old Country Road
Carle Place, NY 11514
Attorney for Defendants

WEXLER, District Judge:

      Plaintiff Mehmet Akin ("Plaintiff" or "Akin") brings this action claiming violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), for unpaid overtime wages and for retaliation. Defendants Anjon of Greenlawn, Inc., Anton Parisi and John Parisi (collectively, the "Defendants") move for summary judgment pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 56 on the limited issue of whether, following the Second Circuit decision in Palma v. National Labor Relations Board, 723 F.3d 176 (2d Cir. 2013) ("Palma"), an undocumented alien is entitled to bring a claim under the FLSA. For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

Plaintiff brings this complaint asserting claims for unpaid overtime and retaliation in violation of the FLSA and NYLL, and a spread of hours claim under the NYLL. See Amended Complaint ("Am. Cmplt."). Following the decision by the Second Circuit in Palma, Defendants moved for summary judgment claiming that decision prohibits an undocumented alien from recovering unpaid wages under the FLSA. It was agreed for purposes of this motion that Plaintiff is an "undocumented alien." See Defendants' 56.1 Statement, ¶ 4; Plaintiff's Counter 56.1 Statement, ¶ 4.[1]

## DISCUSSION

In Palma, the Second Circuit found that undocumented aliens were not entitled to awards of backpay under the National Labor Relations Act ("NLRA"), even if it was the employer who had violated the Immigration Reform and Control Act of 1986 ("ICRA") by hiring and retaining them. Palma, 723 F.3d at 185. There, the plaintiffs had been unlawfully discharged for engaging in protected concerted labor activity and brought claims under the NLRA seeking backpay.[2] The National Labor Relations Board ("Board") found that because plaintiffs were undocumented aliens, they were precluded from an award of backpay. Palma, at 180. In reviewing the decision of the Board, the Second Circuit relied substantially on Hoffman Plastic Compounds, Inc. v.

---

[1] Plaintiff argues that Defendants' motion should be denied because Defendants' 56.1 Statement runs afoul of the local rules. Since the motion is denied on the merits, and because Defendants' statement sufficiently asserts, and Plaintiff admits, Plaintiff's "undocumented alien" status, which is the sole factual predicate required for the instant motion, Plaintiff's argument is rejected.

[2] The backpay award under the NLRA was to compensate the plaintiff for lost pay resulting from the unlawful discharge. Palma, 723 F.3d at 178.

NLRB, 535 U.S. 137 (2002), which held that an undocumented alien plaintiff, who had presented fraudulent documentation to obtain work in violation of the ICRA, was precluded from receiving an award of backpay. See Palma, 723 F.3d at 181, 183, citing Hoffman Plastic, 535 U.S. at 140-142. In Palma, the Second Circuit ruled that even if it was the employer and not the employee plaintiffs who had violated the ICRA, an undocumented alien was not entitled to backpay under the NLRA. Id., at 185. In so doing, the Court extrapolated on the reasoning of Hoffman Plastic to find that it is the violative nature of the unlawful employment relationship -- whether caused by the employee or employer -- that precludes plaintiffs' claims under the NLRA. Id., at 184-185 (citations omitted).

Defendants move this Court to summarily dismiss Plaintiff's claims on the theory that since the Second Circuit in Palma ruled that an undocumented alien is not entitled to recover backpay under the NLRA, an undocumented alien should also be precluded from recovering unpaid wages under the FLSA. See Defendants' Memorandum ("Def. Memo."), at 10-14. Essentially, Defendants argue that permitting an undocumented worker to recover wages would effectively condone violations of the immigration laws, which the Supreme Court in Hoffman Plastic and the Second Circuit in Palma sought to prevent. Def. Memo., at 5-10.

Plaintiff argues otherwise, noting the important distinction that Plaintiff's claims here under the FLSA and NYLL are for work already performed but not compensated, while the NLRA claims of the plaintiffs in Palma sought backpay for work not actually performed but following an unlawful termination, which work the employee was not legally authorized to perform in the first place. See Plaintiff's Memorandum ("Pl. Mem."), at 7-10.

Many courts that have reviewed this question agree that the Palma decision, involving a

-3-

claim under NLRA, does not preclude an undocumented plaintiff's claim for unpaid wages under the FLSA. These two claims are on "starkly different footing." Alcoser v. A Spice Route Inc., 2013 WL 5309496, *1 (S.D.N.Y. 2013). Claims for backpay under the NLRA seek to make the plaintiff whole by awarding pay lost following an unlawful termination. In contrast, the FLSA seeks to compensate a plaintiff for work already performed. See Alcoser, 2013 WL 5309496, at *1 (a "critical distinction" is that the FLSA plaintiff has already worked the hours sought) (citing Solis v. SCA Rest. Corp., 2013 WL 1401396, at *16 (E.D.N.Y. 2013) (drawing distinction between NLRA and FLSA claims); see also Jimenez v. KLB Foods, Inc., 2014 WL 2738533, *3 (S.D.N.Y. 2014) (Palma does not apply to FLSA claims); Colon v. Major Perry Street Corp., 2013 WL 6671770, *1-11 (S.D.N.Y. 2013) (undocumented workers continue to be eligible to recover unpaid wages under the FLSA, even following Palma); Kim v. Kum Gang, Inc., 2014 WL 2510576, *1 (S.D.N.Y. 2014) (following Colon that undocumented workers are protected by FLSA following Palma, citing Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 935 (8th Cir. 2013), Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1306 (11th Cir.2013) and Solis v. SCA Rest. Corp., 938 F.Supp.2d 380, 400 (E.D.N.Y. 2013) (other citations omitted)); Marquez v. Erenler, Inc., 2013 WL 5348457, *1 (S.D.N.Y. 2013) (recognizing the distinction between the claims in Palma and an FLSA claim, which is unaffected by immigration status and thus denying disclosure of that information); but see Bermudez v. Karoline's International Restaurant Bakery Corp., 2013 WL 6146083, *4 (E.D.N.Y. 2013) (permitting discovery of plaintiff's immigration status in an FLSA case due to the uncertainty created by Palma). The U.S. Supreme Court recently declined to review this question directly. See Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 933, 937 (8th Cir. 2013), cert. denied, 134 S.Ct. 1515 (2014) (like the Eleventh Circuit,

holding that unauthorized aliens may sue under FLSA to recover for work actually performed).

Furthermore, before Palma, the Second Circuit recognized that even following the Supreme Court in Hoffman Plastic, many courts concluded that claims of undocumented aliens under the FLSA were not precluded. See Madeira v. Affordable Hous. Found., Inc., 469 F.3d 219, 243 (2d Cir. 2006) (noting that in an FLSA claim, where the immigration violation has already happened and the claim is for work already performed for the benefit of the employer, many courts have concluded that Hoffman Plastic does not preclude FLSA awards for backpay) (citations omitted); see also Velez v. Sanchez, 693 F.3d 308, n. 14 (2d Cir. 2012).

The Court here follows the trend and the reasoning of the many other courts that have reviewed this question, and agrees that Palma does not preclude an undocumented alien from seeking a claim for unpaid wages under the FLSA or NYLL. The Plaintiff here alleges that he performed work for which he was not properly compensated. His immigration status does not prohibit him from pursuing this remedy, and therefore Defendants' motion for summary judgment is denied.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is denied.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       July 17, 2014