UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEHMET AKIN,                                    12 CV 4286 (LDW) (AKT)

           Plaintiff,

  - against -

ANJON OF GREENLAWN, INC.,
ANTON PARISI and JOHN PARISI,

           Defendants.
------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS


Law Office of Steven Cohn, P.C.
Attorneys for Defendants
Anjon of Greenlawn, Inc.,
Anton Parisi and John Parisi

By: Richard C. Goldberg

One Old Country Road – Suite 420
Carle Place, New York 11514
(516) 294-6410

## TABLE OF CONTENTS

Page

POINT I – The Request For Attorneys' Fees is Not Reasonable………………..1

## TABLE OF AUTHORITIES

Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)……....6

Arbor Hill Concerned Citizens Neighborhood Association v.
County of Albany, 522 F.3d 182 (2d Cir. 2008)..……………………………...3-4

Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000)…………1, 2, 11

Grant v. Martinez, 973 F.2d 96 (2d Cir. 1992), *cert denied*, 506 U.S. 1053,
113 S. Ct. 978, 122 L.Ed.2d 132 (1993)……………………………………….10

Palma v. N.L.R.B., 723 F.3d 176 (2d. Cir. 2013)……………………………..4, 5

Anthony v. Franklin First Financial, Ltd., 844 F.Supp.2d 504
(S.D.N.Y. 2012)………………………………………………………………...4

De Los Santos v. Just Wood Furniture, Inc., 2010 W.L. 445886
(S.D.N.Y. 2010)………………………………………………………………...4, 7

Maldonado v. La Nueva Rampa, 2012 WL 1669341 (S.D.N.Y. 2012)………..3, 5, 6, 8

Sukhnandan v. Royal Health Care of Long Island LLC, 2014 WL 3778173
(S.D.N.Y. 2014)………………………………………………………………....1

Wong v. Hunda Glass Corp., 2010 WL 3452417 (S.D.N.Y. 2010)……………..2, 7, 8, 9

Duran v. K&J Supermarket, Inc., U.S. Dist. Ct., E.D.N.Y.,
Docket No. 11 CV 276…………………………………………………………..7, 8, 9, 10

# POINT I

## The Request for Attorneys' Fees is Not Reasonable

"Reasonableness is the touchstone when determining whether to award attorneys' fees." *Sukhnandan v. Royal Health Care of Long Island LLC,* 2014 WL 3778173 at *9 (S.D.N.Y. July 31, 2014). In noting this fundamental, guiding principal, the Court, in the recent *Sukhnandan* decision, cites and quotes the Second Circuit decision in *Goldberger v. Integrated Resources, Inc.* 209 F.3d 43, 50 (2d Cir. 2000) which sets forth six factors to determine whether a fee application is reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." (*Sukhandan,* at *9, quoting *Goldberger,* 209 F.3d at 50). In this case, these factors strongly weigh against a finding that Plaintiff's counsel's attorneys' fee request is reasonable.

Here, the first factor of the analysis supports a finding that the fee request is unreasonable. While Defendants have no way to question that time entries of Neil H. Greenberg, Esq. (NHG) and Justin Reilly, Esq. (JR) were not entered by Plaintiff's counsel contemporaneously with the work performed, curiously, almost all of the 67 entries covering Plaintiff's counsel's time are entered in .50 hour increments (see Plaintiff's counsel's motion, Exhibit "F"). Moreover, within those 67 entries, almost every entry for work performed by Mr. Greenberg (NHG) appears in full hours with no fractional hours at all. Moreover, as discussed in greater detail below, Mr. Greenberg expended 57.50 hours in "digesting deposition transcripts" and related work in connection with the depositions in this case, all of which were taken solely by, or defended solely by, Mr. Reilly. Furthermore, Mr. Greenberg did this work at the end of the case, during the time settlement was being actively discussed and, ultimately, concluded. Moreover, Mr. Reilly,

1

who took and defended all of the depositions, has 15 years of experience as an attorney. There is no justification for the duplicative, unnecessary and excessive amount of time expended by Mr. Greenberg on a case where compensatory damages, as acknowledged by Plaintiff's counsel (see, *infra*), amounted to $34,448.57. The foregoing casts considerable doubt on the reasonableness of the time reported especially when one considers that Plaintiff's counsel is seeking compensation covering a claimed total of 203 hours of work (see Plaintiff's counsel's Memorandum of Law at p. 11).

The second factor in the analysis, magnitude and complexities of the litigation, does not support a finding that the fee request is reasonable. The instant action involved a claim for overtime pay, spread of hours pay and matters related thereto, which required no expert testimony and issues that are commonly encountered in such cases which at least one court has labeled as "straightforward" (*Wong v. Hunda Glass Corp.*, 2010 WL 3452417 (S.D.N.Y. 2010) at *3 ). Plaintiff's motion papers also readily reveal that Plaintiff's counsel litigates such matters often and that the instant case did not present complex or extraordinary issues outside the normal and customary practice in which Plaintiff's counsel is routinely engaged. Moreover, the matter settled, without a trial.

As to the third factor, the litigation presented little or no risk to Plaintiff's counsel as Plaintiff's counsel had a retainer agreement with Plaintiff that required Plaintiff's counsel to be paid on an hourly basis. There is nothing in Plaintiff's papers indicating any risk to Plaintiff's counsel in respect of its fee (i.e., such as contingency fee and risk of receiving no counsel fees at all based on possible adverse determinations requiring significant effort to prevent; indeed, in *Goldberger,* the Second Circuit observed that [e]ven where there is some contingency risk but recovery remains virtually certain, we question whether a fully informed group of plaintiffs able to negotiate collectively would routinely agree to pay their lawyers a fee of 25% of a multi-million dollar settlement." 209 F.3d at 52,  In the case at bar, Plaintiff's counsel seeks a fee equal to 250% of the settlement amount.

2

The fourth factor, quality of representation, does not support a finding that the fee request is reasonable either. Defendants concede that Plaintiff's counsel represented Plaintiff capably. However, that representation was unexceptional, and Plaintiff's counsel, given their avowed background and experience in handling these types of matters on a repetitive basis, likely co-opted work done in previous cases (i.e., use of form complaints, discovery notices and the like, previous legal research and other matters). For example, the Complaint and Amended Complaint in the instant action are virtually identical (Compare ECF Documents 1 and 7) and did not justify the time spent in preparing the Amended Complaint, again where Plaintiff's counsel is versed in employment law-related claims. Time claimed in respect of other matters avowedly routine to Plaintiff's counsel was not justified.

The fifth and sixth factors of the analysis, "requested fee in relation to the settlement" and "public policy considerations," also weigh in favor of finding the fee request unreasonable. Plaintiff's counsel requests a fee of $65,111.25, an inordinate amount given that the settlement was $25,500. In this regard, it should be noted that the settlement excluded approximately $9,000, in excess of 25% of the total compensatory damages of $34,448.57 claimed by Plaintiff (see accompanying Declaration of Richard C. Goldberg, Esq. and Exhibit "A" annexed thereto, at the next to last page thereof) (this amount also does not take account of the further damages claimed by Plaintiff in the Amended Complaint for alleged retaliation, including a claim for purported punitive damages, meaning that the settlement amount excluded even more than 25% of the damages claimed by Plaintiff). As noted by the Court in *Maldonado v. La Nueva Rampa*, 2012 WL 1669341 (S.D.N.Y. 2012) at *12, quoting the Second Circuit decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), a case cited in Plaintiff's counsel's Memorandum of Law, "a reasonable hourly rate is the rate a 'paying client

3

would be willing to pay' bearing in mind that a 'reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" The Court should, similarly, question if Plaintiff would be willing to pay a fee of $65,111.25 to his counsel in light of the compensatory damages sought and the settlement obtained.

    Contrary to Plaintiff's "fee-shifting" analysis set forth in Plaintiff's motion papers, the lynchpin of a fee award remains "reasonableness' (even in the cases cited by Plaintiff's counsel) which requires the Court to take account of the requested fee in light of the settlement. Although Plaintiff's counsel cites at pp. 5-6 of Plaintiff's counsel's Memorandum of Law case law supporting fee awards in excess of the amount recovered, those cases award fees in excess of the amount recovered where there is considerable litigation involved in relation to Plaintiff's claim (i.e,, multiple motions to dismiss and for summary judgment, followed by a full jury trial – see *De Los Santos v. Just Wood Furniture, Inc.*, 2010 WL 445886 (S.D.N.Y. 2010) cited in Plaintiff's counsel's Memorandum of Law; or where Plaintiff's counsel represented multiple Plaintiffs – see *Anthony v. Franklin First Financial, Ltd*, 844 F.Supp.2d 504 (S.D.N.Y. 2012) cited in Plaintiff's counsel's Memorandum of Law; in *Anthony*, plaintiff's counsel therein represented eight (8) plaintiffs, all with obviously different terms of employment, different positions, different wages, different hours and likely other different detailed features, multiplying the complexity of the litigation. None of these factors exists in the case at bar. Contrary to the cases cited by Plaintiff, the instant action involved one plaintiff, and only one motion for summary judgment. That motion was made, in good faith, by Defendants because of a Second Circuit Court of Appeals case that was decided during the course of the instant litigation (*Palma v. N.L.R.B.*, 723 F.3d 176 (2d Cir. 2013), decided on July 10, 2013, that contained strong language indicating that an illegal alien, as Plaintiff was shown to be in the case at bar, was barred from seeking the benefit of statutory remedies in the form of back-pay in an

employment-law related context under the National Labor Relations Act)[1].

It is respectfully submitted that, given the absence of complex litigation, and the settlement agreed-upon, awarding Plaintiff's counsel a fee equal to 250% of the amount recovered for Plaintiff in settlement is unreasonable.

The lodestar analysis cross-check does not support the Plaintiff's counsel's fee application either. "The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Maldonado v. La Nueva Rampa, Inc.*, 2012 WL 1669341 (S.D.N.Y. 2012). The Court, in *Maldonado*, a case involving more than one attorney representing four plaintiffs, where no trial was held, a motion for a default judgment was granted and a motion to assess damages was made, and redundant work performed amongst counsel (a factor clearly present in the case at bar as discussed in detail below) reduced a claim for 171.8 hours of work by 70% to 51.54 hours. In reaching this determination, the Court noted that "the Court must make a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." (*Maldonado* at *13 -14), noting that "the Court may reduce any hours that are excessive, redundant, or otherwise unnecessary…For example, the Court can make reductions where the stated number of hours is greater than what should have been required for the work produced [citations omitted]." (*Maldonado* at *14). As in the case at bar (particularly with regard to Mr. Greenberg's hours expended at the end of the case, in September 2014, when settlement was being discussed and concluded, during which time Mr. Greenberg was expending 57.50 hours in excessive, redundant or otherwise unnecessary work "digesting deposition

---

[1] Although this Court denied Defendants' motion for summary judgment seeking dismissal of the Amended Complaint on the grounds that Plaintiff's status as an illegal immigrant did not bar Plaintiff's claims under the federal Fair Labor Standards Act, respectfully, Defendants' motion was necessitated in light of the carefully chosen, relatively strong language utilized by the Second Circuit in *Palma*, and the absence of any controlling authority contrary to Defendants' position.

transcripts" of depositions taken by and attended only by Mr. Reilly and related work (discussed in more detail below)), the Court found that Plaintiffs' counsel's hours although "documented...make no attempt to explain them." (*Maldonado* at *14)  The Court noted that "a court may make across-the-board percentage cuts in the number of hours claimed, as a practical means of trimming the fat from a fee application [citations omitted]." (*Maldonado* at *14).

As previously discussed, the number of hours billed was unreasonable. As the Supreme Court has explained, "when a party seeks attorneys' fees, the 'burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation . . .'" (Maldonado at *12, quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).  Justin Reilly, an associate at Neil H. Greenberg & Associates, P.C. has only worked for the Greenberg firm since graduating from law school in 1999 (see October 3, 2014 Declaration of Justin M. Reilly at ¶4, annexed as Exhibit "D" to Plaintiff's counsel's motion). He requests compensation at an hourly rate of $300 per hour. Neil H. Greenberg, the president of Neil H. Greenberg & Associates, P.C., while setting forth prior cases in which he has been involved, does not state his employment prior to his becoming president of Neil H. Greenberg & Associates, Inc. (see October 3, 2014 Declaration of Neil H. Greenberg annexed as Exhibit "C" to Plaintiff's counsel's motion).  Mr. Greenberg claimed that his hourly rate is currently $550 (without explanation as to how that rate is determined) yet, in Plaintiff's motion, request has been made to compensate Mr. Greenberg at $375 per hour (see Plaintiff's counsel's Memorandum of Law at p. 11).

As of September 2010, the Southern District, which embraces Manhattan, where the Court well knows that average legal fees are higher than in Nassau County where the law firm of Neil H. Greenberg & Associates, Inc, is located, noted that "the range of fees in this District for . . .

6

employment law litigators with approximately ten years' experience was between $250 per hour and $350 per hour". *Wong v. Hunda Glass Corp.*, 2010 WL 3452417 at *3). Mr. Greenberg's fee request exceeds this amount by at least $25 per hour.

Messrs. Greenberg and Reilly have requested that their compensation be fixed at hourly rates of $375 and $300 respectively, based on the Report and Recommendation of Magistrate Steven Gold dated May 14, 2013, in another case they litigated in the Eastern District of New York (*Duran v. K & J Supermarket, Inc.*, 11-CV-276) (annexed as Exhibit "A" to Plaintiff's counsel's motion, which Report and Recommendation was adopted by District Court Judge Melancon (Exhibit "B" to Plaintiff's counsel's motion). In *K & J Supermarket*, Mr. Greenberg was awarded compensation at an hourly rate of $375 per hour and Mr. Reilly was awarded compensation at an hourly rate of $300 per hour.

Unlike the case at bar, the *K & J Supermarket* case involved a full trial. Moreover, Defendants in that case only weakly challenged the fee application made in that case on the grounds that the time records presented by Messrs. Greenberg and Reilly were "vague" (see Magistrate Gold's Report and Recommendation, at p. 2 annexed as Exhibit "A" to Plaintiff's counsel's motion). It does not appear from that Report and Recommendation that any other material challenge was offered to the fee application motion.

Furthermore, Magistrate Gold noted that "[h]ourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners [and] $200 to $250 for senior associates." The fee requests made by Messrs. Greenberg and Reilly substantially exceed the range of each of these amounts and exceed the maximum limit of these amounts. Moreover the hourly fee requests made in the case at bar, unlike *K & J Supermarket*, and *De Los Santos v. Just Wood Furniture, Inc., supra* (also cited by Plaintiff's counsel) did not involve a trial or the expertise

7

required by a trial involving introduction of evidence, examination of witnesses, cross-examination and other similar expertise.

In *K & J Supermarket*, Magistrate Gold excluded certain time billed by Mr. Reilly, who billed, in a manner similar to the case at bar, "more than three fourths of the hours billed" (see Magistrate Gold's Report and Recommendation at p. 3), as excessive "because the law should have already been familiar to a lawyer who, like Mr. Reilly, has litigated numerous labor law cases in federal court." (see Magistrate Gold's Report and Recommendation at p. 3). Similarly, Defendants maintain that the hours billed by Mr. Reilly in the case at bar for such things as drafting of pleadings, amendment of pleadings, preparation of discovery notices, responses to discovery notices and automatic disclosure requirements, and legal research were not only excessive, but billed at an unreasonably high rate ($300 per hour).

Additionally, the Court's attention is directed to the *Maldonado* case discussed and quoted above and the *Wong* case cited above where the Court similarly noted that "[w]hen determining the number of reasonable hours, hours found to be excessive, redundant or otherwise unnecessary" may be excluded… A court has the discretion to make an across-the-board percentage reduction to exclude unreasonable hours [citations omitted] (2010 WL 3452417 at *4). In *Wong*, the court found that "the use of two attorneys [Messrs. Kraselnick and Lee] for this uncomplicated, one plaintiff FLSA case is both redundant and excessive. An across-the-board reduction in cases with more than one attorney is appropriate to account for redundancy [citation omitted]." (2010 WL 3452417 at *4). The court noted, among other things, that because one attorney (Lee) had approximately twelve years of experience, there was no need for Kraselnick to spend billable time reviewing Lee's work. Similarly, Messrs. Greenberg and Reilly each billed time for meeting with each other to discuss matters in this case on which Mr. Reilly had been working (see Exhibit "F" to Plaintiff's counsel's

8

motion).

The court in *Wong* also noted that a three-day trial was conducted and that "[o]nly one experienced attorney was needed." (2010 WL 3452417 at *4). In the case at bar, there was no trial and almost all of Mr. Greenberg's time was billed between September 2, 2014 and September 14, 2014 "digesting" deposition transcripts of various witnesses including the deposition of their own client, Mehmet Akin and otherwise "prepping" for the trial (see Exhibit "F" annexed to Plaintiff's counsel's motion). All of the depositions, however, had been conducted by, or attended by, Mr. Reilly (Mr. Greenberg conducted no depositions in this case and was not present at them). Mr. Greenberg's work purportedly performed during this time was also done during the time that settlement discussions had been taking place (a settlement was concluded on September 18, 2014 – a matter Plaintiff's counsel will not dispute based on e-mail exchanges between our firm and Mr. Reilly) that occurred at that time and prior thereto.

The Court in *Wong* noted that only one attorney was needed to conduct the trial, that being Mr. Lee. In the case at bar, no trial was conducted, Mr. Reilly had conducted all of the depositions in the case, was the only attorney present from Plaintiff's counsel's office at Plaintiff's deposition and had conducted all other pre-trial procedures and written all other papers in the case. Mr. Reilly would have likely conducted the trial or would surely have been present at the trial and have participated in it (as he had done in the *K&J Supermarket, Inc.* case) since he had done almost all of the work in that case, and this case, leading to the trial. Nevertheless, Mr. Greenberg spent 57.50 hours between September 2 and September 14, on the eve of the trial, "prepping" for the trial at which both he and Mr. Reilly would both attend. As the Court noted in *Wong*, only one attorney was needed to conduct such a trial in a case such as the one presented here. The bulk of Mr. Greenberg's time, as noted above, was spent redundantly "digesting" the deposition transcripts of

9

the depositions already conducted by and attended by Mr. Reilly for an excessive amount of time and doing work otherwise unnecessary. It is respectfully submitted that the time spent by Mr. Greenberg, particularly the nature of how that time was spent and when (at the very end of the case when settlement was concluded), should not be included in the Court's award of attorney's fees.

Furthermore, once the settlement was concluded, the Court was advised, and there was no need for Mr. Greenberg to make an appearance at the Court on September 22, 2014 (the date set for the commencement of the trial). He billed an additional 1.5 hours for this appearance (at a reduced travel rate) (see Exhibit "F" annexed to Plaintiff's counsel's motion).

Mr. Reilly then billed 13 hours to prepare the instant motion (through September 30, 2014 – see Exhibit "F" to Plaintiff's counsel's motion; the motion was served on October 3, 2014 so it is not known if Plaintiff's counsel intends to seek yet further compensation in regard to this motion). Plaintiff's counsel's motion has been drawn from prior motion papers drafted by Mr. Reilly in the prior fee application in the *K&J Supermarket* case upon which Plaintiff's counsel relies in large measure as discussed above. At least 11 of the cases cited in Plaintiff's counsel's Memorandum of Law in the case at bar were previously cited in the legal fee application made by Messrs. Greenberg and Reilly in the *K & J Supermarket* case and the entire format of the instant motion follows the format of that motion (see Electronic Docket in *Duran v. K & J Supermarket, Inc.*, U.S. District Court, E.D.N.Y., Docket No. 11 CV 276 at ECF Document Nos. 43 and 45). Again, Plaintiff's counsel is seeking compensation from Defendants for excessive and redundant hours of time built into the attorneys' fee request made by Plaintiff's counsel that should not be permitted by the Court.

In conclusion, "[t]he determination of the amount of the award does not end with the lodestar calculation." *Grant v. Martinez,* 973 F.2d 96, 101 (2d Cir. 1992), *cert. denied,* 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993). Rather, where the lodestar method is used as a basis to determine

the reasonableness of attorney's fees, "other considerations may lead to an upward or downward departure from lodestar." As described above, there are enumerable justifications for substantial downward departures of Counsel's lodestar based on the factors enumerated by the Second Circuit in *Goldberger* and based on the improper, redundant and excessive lodestar data used by Plaintiff's counsel to support the instant motion. Plaintiff's counsel's requested attorneys' fees and costs are unreasonable and are not justified.

Accordingly it is requested that the 203 hours claimed to have been expended by Plaintiff's counsel should be reduced by 68 hours (57.50 hours expended by Mr. Greenberg in September 2014, since all of his work was redundant, excessive and unnecessary; 1.50 hours expended by Mr. Greenberg in appearing in Court on September 22, 2014, since the matter had been reported as settled; and 9 hours, representing an adjustment in the time expended by Plaintiff's counsel in preparing this motion from previously used research and existing papers). An appropriate downward adjustment should also be made to Mr. Reilly's time given its excessive nature in this straightforward case. Finally, the hourly rate requested by Messrs. Greenberg and Reilly, which is also excessive as discussed above, should be adjusted downward, in line with prevailing precedent noted above relating to the ranges and limits of appropriate legal fee rates for cases of this type, all of which have been exceeded by Plaintiff's counsel's fee request as pointed out previously. It is respectfully submitted that the foregoing should result in

a legal fee award to Plaintiff's counsel totaling no more than $20,000.

Dated: Carle Place, New York
October 24, 2014

>Respectfully submitted,
>Law Office of Steven Cohn, P.C.
>Attorneys for Defendants
>Anjon of Greenlawn, Inc., Anton Parisi
>and John Parisi
>
>By: /s/ Richard C. Goldberg
>Richard C. Goldberg
>
>One Old Country Road – Suite 420
>Carle Place, New York 11514
>(516) 294-6410, Ext. 21

12